I would affirm appellant's conviction, but remand for re-sentencing. In discussing his second assignment of error, appellant argues that the trial court, in imposing more than the minimum sentence on his conviction for sexual battery, committed error. Specifically, appellant claims that, in contravention of R.C. 2929.14(B), the court failed to make the requisite findings on the record. I agree, and would, therefore, remand for re-sentencing.
In part, R.C. 2929.14(B) provides that a minimum prison term is appropriate for a first offender, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. State v. Edmonson (1999),86 Ohio St.3d 324, at syllabus; State v. Halmi (Aug. 16, 2001), Cuyahoga App. No. 78485, unreported, 2001 Ohio App. Lexis 3602.
In the case at bar, the court, after allowing the victim to make her statement, proceeded to sentence appellant. The trial court stated, [w]ell, this court doesn't feel three years is enough. This court will give you four years on count one * * *. Contrary to R.C. 2929.14(B) and Edmonson, the record does not make either of the requisite findings. Saying a particular sentence is not enough falls short of what is required. In imposing more than the minimum two-year sentence and failing to find that the minimum prison term would either demean the seriousness of appellant's conduct or that such a sentence would not adequately protect the public from future crime, the trial court, therefore, erred.
During oral argument there was much debate about appellant having waived any claimed error related to a minimum sentence. The state maintains that because appellant had agreed to a three-year term, he waived the required findings for imposing more than the minimum two years. I disagree.
One of the goals of Ohio's sentencing statutes is consistency in sentencing. Generally, the courts have not been requiring that an objection be made in the trial court in order to raise a sentencing error on appeal. The reverse should also be true. If statutory sentencing requirements are not waived by a failure to object, then they cannot be waived by an agreement between counsel. Appellant, a first offender, received more than the minimum two-year sentence. The court could not relinquish its responsibility to advise him of its findings as to why he received more than a minimum term. State v. Edmonson (1999),86 Ohio St.3d 324, State v. Daugherty (Nov. 12, 1999), Washington County App. No. 99CA09, unreported, 1999 Ohio App. Lexis 5563.
One of the purposes of the new sentencing statutes is to provide information to legislative and judicial bodies, so that they may study the consistency of sentences. Griffin and Katz, Ohio Felony Sentencing Law, 1996-97, pp. 425-481. The goals of Senate Bill 2 cannot be accomplished in the absence of a record specifying why first time offenders are not receiving minimum terms of imprisonment.
Finally, because the court did not accept the agreement between counsel, any waiver, implicit or otherwise, was voided. R.C. 2503.08(D) expressly exempts plea agreements that are accepted by the court. If the court has imposed the sentence recommended jointly by the defendant and the prosecution, then the sentence is not subject to review. State of Ohio v. Salsgiver (Aug. 10, 2001), Trumbull Cty. App. No. 2000-T-0048, unreported. The statute does not apply, however, when the court does not accept the voluntary plea agreement.
Agreements depend upon a variety of conditions. A fundamental condition was not met here: that is, the court did not accept the sentence. In fact, the court made it quite clear that it did not have to accept the plea agreement at all. The court told appellant several times that the plea agreement was merely a recommendation that she was not bound to accept. An implicit waiver imbedded in an agreement that is never accepted does not have a life that exists beyond that agreement. Imposing any term of incarceration beyond the minimum two years, therefore, required the court to articulate one or both of the findings set forth in the statute. I would, therefore, sustain appellant's second assignment of error and remand for re-sentencing.